UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRISCILLA C. ROBLEDO,<br><br>Plaintiff,<br><br>v.<br><br>STANDFORD UNIVERSITY,<br><br>Defendant. | Case No.  26-cv-04633-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE DISMISSAL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 1 |

For the reasons discussed below, the Court directs the Clerk of the Court to reassign this action to a district judge, with the recommendation that this case be dismissed without prejudice, for plaintiff Priscilla C. Robledo's failure to comply with court orders and failure to prosecute this action.

**REPORT AND RECOMMENDATION**

**I.      BACKGROUND**

On May 15, 2026, Ms. Robledo, who is representing herself, filed a complaint and an application to proceed *in forma pauperis* ("IFP").  Dkt. Nos. 1, 2.  On May 18, 2026, the Court issued an order denying Ms. Robledo's IFP application without prejudice because "it appears that Ms. Robledo has substantial assets, including real estate, bank accounts, and a vehicle, and does not qualify for IFP status."  Dkt. No. 4.  The Court directed Ms. Robledo to either resubmit an IFP application or pay the full filing fee by June 8, 2026.  *Id.*

Ms. Robledo did not resubmit an IFP application or pay the full filing fee by June 8, 2026, as ordered.  On June 12, 2026, the Court issued an order noting Ms. Robledo's failure to comply

United States District Court
Northern District of California

with the Court's May 18, 2026 order and directing her to show cause "why this action should not be dismissed for her failure to prosecute her case and to comply with the Court's May 18, 2026 order." Dkt. No. 5. The Court ordered Ms. Robledo to file a written response to its order by June 26, 2026. *Id.* The docket reflects that Ms. Robledo did not file a written response to the order.

## II.    DISCUSSION

The Court possesses the inherent power to dismiss an action sua sponte "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Dismissal, nonetheless, is a harsh penalty and should be used only in extreme circumstances. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether dismissal is appropriate for the failure to comply with court orders or the failure to prosecute, courts consider five factors, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61).

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id*. (quotations and citation omitted). In view of Ms. Robledo's failure to comply with the Court's orders and failure to prosecute this action, this factor weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants. *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id*. Ms. Robledo's failure to comply with the Court's orders and failure to prosecute this matter have delayed the resolution of this litigation, weighing in favor of dismissal. Ms. Robledo's non-responsiveness and non-compliance have "consumed some of the court's time that could have been devoted to other cases on the docket." *Id*.

Third, a defendant is prejudiced where the "plaintiff's actions impaired [the] defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id*.

United States District Court
Northern District of California

2

(quotations and citation omitted).  This factor may be considered neutral here, insofar as defendant has not been served.  But while the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," the risk of prejudice may depend in part on the plaintiff's reason for defaulting.  *Id*. at 642-43.  Despite being given ample opportunity to do so, Ms. Robledo has provided no explanation for her failure to comply with the Court's orders or to pursue this matter. Her failure to offer any explanation weighs in favor of dismissal.  *See, e.g., Chico v. Wells Fargo Bank, N.A.*, No. 20-cv-01963-PJH, 2020 WL 2494506, at *2 (N.D. Cal. May 14, 2020) (concluding that the plaintiff's failure to provide any reason for the failure to prosecute "counsels in favor of dismissal."); *cf. Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence).

Fourth, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  *Ferdik*, 963 F.2d at 1262.  The Court's June 12, 2026 order cautioned Ms. Robledo that this action may be dismissed for her failure to prosecute this case and failure to comply with the Court's orders.  *See* Dkt. No. 5. This factor weighs in favor of dismissal.

Fifth, "[p]ublic policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."  *Pagtalunan*, 291 F.3d at 643.  Even so, the other four factors weigh in favor of dismissing this action.

## III.   CONCLUSION

As defendant has not appeared in this action, the Court does not have the consent of all parties to magistrate judge jurisdiction and therefore lacks the authority to order the action dismissed.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court orders this case be reassigned to a district judge with the recommendation that Ms. Robledo's complaint be dismissed without prejudice for failure to comply with the Court's orders and failure to prosecute this action.

Any party may serve and file objections to this report and recommendation within 14 days

United States District Court
Northern District of California

after being served.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civil L.R. 72-3.

**IT IS SO ORDERED.**

Dated: July 1, 2026

Virginia K. DeMarchi
United States Magistrate Judge